STATE OF MINNESOTA *ex rel.* City of Lakeside *vs.* GEORGE N. LA VAQUE, County Auditor.

. August 10, 1891.

Constitution—Incorporation of Cities—Title and Subject of Act.— The act of April 2, 1891, (Sp. Laws 1891, c. 57,) incorporating the city of Lakeside, is not in conflict with the constitution, art. 4, § 27.

Alternative writ of *mandamus*, issued from the district court for St. Louis county, on July 10, 1891, to compel the defendant, as auditor of the county, to draw his warrant on the county treasurer directing him to pay over to the city treasurer of the city of Lakeside the sum of $10,000, the amount of taxes levied and assessed by the village of Lakeside (of which the city is alleged to be the successor by virtue of the special act considered in the opinion) on property within its limits, and collected by the county treasurer and remaining in his hands. The defendant, in his answer to the alterna-

tive writ, admitted all the facts set forth therein, and alleged that the act in question was unconstitutional. The defendant appeals from an order, by *Stearns*, J., "that said alternative writ be and the same is hereby made peremptory and absolute."

*Tear & Davies*, for appellant.

*A. H. Crassweller* and *Cash & Williams*, for respondent.

GILFILLAN, C. J.   April 2, 1891, was passed an act entitled "An act to incorporate the city of Lakeside, to provide for its future annexation to the city of Duluth and to the independent school-district of Duluth." Sp. Laws 1891, *c.* 57. It contained 12 chapters. The first provided that certain territory described shall be a city by the name of Lakeside. The chapters following, to and including the eleventh, contained the usual regulations for the government of the city. The twelfth provided that on the 31st day of December, 1892, the corporate and territorial limits of the city of Duluth shall be and are extended so as to include the territory constituting the city of Lakeside, which shall thereupon become a part of the city of Duluth, and subject to all the laws of the state in reference to the city of Duluth, except as therein provided. As we understand the case, the territory thus incorporated adjoined the city of Duluth.

It is objected to the act that it embraces more than one subject, and is therefore in conflict with section 27, art. 4, of the constitution. Taking the entire act together, it is, in substance, only an act providing for the government of the territory described in it; providing for its government temporarily under the provisions of an independent charter, and for its government after the period specified, under the provisions of the charter of Duluth, with two or three unimportant exceptions,—exceptions that might have been made had the territory been originally included within the corporate limits of Duluth. Providing local government for that territory is the general subject, and the only general subject, of the act. There are many minor subjects, matters of detail, in the act, as there must always be in similar acts; but, where such minor subjects are germane to the general subject, they are proper to be included in the act. Where the general subject is provision for the local government of a particular territory, provisions for such government for a specified time, and different pro-

visions for such government after that time, are equally appropriate to the general subject.

The only question presented by this proceeding being the legal existence of the city of Lakeside under the act referred to, we cannot consider the other questions suggested.

Order affirmed.